RICHARD MASON v. THE TREASURER, MAYOR, AND COM-MON COUNCIL OF THE CITY OF GLADSTONE.

*Estoppel—Mandamus.*

The writ of *mandamus* will not issue in favor of a tax-payer, who joined with others in a suit in which the taxes assessed to pay for a public improvement were declared void and their collec-tion enjoined, to compel the payment of orders, issued in pay-ment for the improvement, from moneys received from other tax-payers who were assessed for the improvement.

*Mandamus.*     Argued June 28, 1892.     Decided October 4, 1892.

Relator applied for *mandamus* to compel the respondent to pay a certain order.   The facts are stated in the opinion.

*E. C. Chapin*, for relator.

*Alfred P. Smith (C. D. McEwen*, of counsel), for respondent.

MORSE, C. J.     February 13, 1888, the president and board of trustees of the village (now city) of Gladstone undertook to pave Delta avenue, in said village.   May 21, 1888, the contract was awarded to one D. J. Kennedy, who immediately commenced the work, and subsequently finished such paving.   Certain orders were issued to him

in payment of this work, but the return of the respondent alleges that they were issued without proper authority. Taxes were levied to meet these orders. The lands of the relator, with other real estate, were assessed, and taxes levied upon them to pay for this work.

The relator joined with others in a suit in chancery, in the circuit court for the county of Delta, to set aside such tax levies, upon the ground that the paving had been done without jurisdiction, alleging various jurisdictional defects in the proceedings. The court decreed that the tax was null and void, and a cloud upon relator's title, and perpetually enjoined the village of Gladstone from collecting or endeavoring to collect such tax.

The relator claims to hold one of these orders, issued to Kennedy, and has demanded payment of the same, which payment has been refused by the respondent. Relator prays for a *mandamus* commanding the respondent to pay said order, or to provide means for its payment by reassessment, or for "such other or further order as justice may require."

It is admitted that the work done by Kennedy was accepted by the respondent; also that there has been collected, of taxes levied on account of said paving, and is now in the hands of the treasurer of said respondent, the sum of $6,069. Questions of fact are raised by the replication to respondent's return, and relator asks that such issues be sent down to be tried by a jury in the Delta circuit.

Relator claims that he has no other remedy than by *mandamus;* that the order was received by his firm (Davis & Mason) for materials furnished Kennedy in the paving work; and that a portion of the money now in the hands of the treasurer, as the Delta-avenue paving fund, was received on the sales of land for these taxes, which the purchaser at the tax sale cannot recover back from the

village; and that, in equity and justice, the relator is entitled to such money to pay, or to be applied upon, his order, standing, as he does, in the shoes of Kennedy.

We do not care to enter into a discussion of the law points involved in this controversy. The writ of *mandamus* is not one of right. The relator saw fit to institute the proceedings which resulted in the determination of a proper court that the village of Gladstone had no right to levy any taxes to pay for the paving work done by Kennedy, under the proceedings taken to pave Delta avenue. He took measures to escape the payment of his share of this expense, and now comes here asking that the money received from other tax-payers illegally, or derived from illegal tax sales, shall be applied to pay his order. There is no equity or justice in this demand; nor do we think it proper to determine, in this proceeding, whether the respondent should order a new assessment and tax levy to pay this order.

The writ will be denied, with costs.

The other Justices concurred.